IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

QUADRAY HOBBS,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        CV 323-001
                                        )
WHEELER CORRECTIONAL FACILITY,          )
                                        )
                Defendant.              )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Telfair State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case regarding events alleged to have occurred at Wheeler Correctional Facility.  Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).  The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.   See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.  BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply

with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical
> injury.

"This provision of the PLRA, commonly known as the three strikes provision,

requires frequent filer prisoners to prepay the entire filing fee before federal courts may

consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)

(internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199

(2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of

the PLRA, as its terms show, was to cabin not only abusive but also simply meritless

prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because

it does not violate an inmate's right to access the courts, the doctrine of separation of powers,

an inmate's right to due process of law, or an inmate's right to equal protection.  Rivera, 144

F.3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner)" requires that

prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal

court dealing with the same facts involved in the current action, (2) whether they have filed

other lawsuits in state or federal court otherwise relating to the conditions of their

imprisonment, and (3) the disposition of any such lawsuits.  (Doc. no. 1, pp. 11-12.)  Under

the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition. (Id. at 12.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 12-13.)

## II.    DISCUSSION

### A.    The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff stated he had filed two cases in federal court relating to the conditions of his imprisonment. (Id.) However, the Court is aware of at least three other such cases: (1) Hobbs v. Folkston Police Dep't, CV 522-075 (S.D. Ga. Dec. 5, 2022) (alleging Eighth Amendment violation based on extended period sitting handcuffed and shackled in jail cell); (2) Hobbs v. Kingsland Police Dep't, CV 222-137 (S.D. Ga. Dec. 5, 2022) (alleging use of excessive force by staff at Camden County Jail); and (3) Hobbs v. Dooly State Prison, Civ. Act. No. 5:22-cv-00392 (M.D. Ga. Nov. 3, 2022) (alleging sexual assault by fellow inmate and asserting prison officials did not conduct proper investigation).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a

sanction, the court dismissed the action without prejudice, finding that Rivera
"abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th

Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight

habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir.

2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to

accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F.

App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing

service of process, of amended complaint raising claims that included denial of proper

medical care and cruel and unusual punishment for placement in a "restraint chair" and

thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to

disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939,

940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based

on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v.

Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case

alleging deliberate indifference to serious medical needs where plaintiff failed to disclose

new case commenced in interim between filing original complaint and second amended

complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla.

May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP

action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden

I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)).

"An action is malicious when a prisoner misrepresents his prior litigation history on a

complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." <u>Id.</u>  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  <u>See, e.g.</u>, <u>Williamson v. Cnty. of Johnson, GA</u>, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); <u>Brown v. Wright</u>, CV 111-044 (S.D. Ga. June 17, 2011); <u>Hood v. Tompkins</u>, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[1]

**B.    The Case Should Also Be Dismissed Because It Fails to State a Claim Upon Which Relief Can Be Granted**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson</u>

---

[1]Plaintiff's claims in the instant case allege problems with all manner of incidents of daily life at Wheeler Correctional Facility dating back to August of 2022. Thus, Plaintiff may still timely re-file his § 1983 claims, should he choose to do so.  <u>See</u> <u>Kline v. Warden</u>, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Valid Claim for Relief

Even if the case were not due to be dismissed based on Plaintiff's abuse of the judicial process, the case fails to state a claim upon which relief can be granted. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.  As the sole Defendant, Plaintiff names Wheeler Correctional Facility.  (Doc. no. 1, pp. 1, 2.)   Plaintiff provides a laundry list of allegations concerning problems with the incidents of everyday life at the institution:  he did not receive a timely response to his medical request form regarding an unidentified medical issue; correctional officers used excessive force against Plaintiff when applying handcuffs to take him to the medical department and when Plaintiff became upset because another inmate threw urine on him; officers wrote a false disciplinary report against Plaintiff; prison staff interfered with Plaintiff's mail; the housing assignments were made based on improper racial profiling; and, Plaintiff was not served sufficient or temperature-appropriate portions of food.  (See generally id. at 5-6.)   Although Plaintiff identifies some of the prison officials whose actions he describes, Plaintiff names the prison as the only Defendant, but includes the qualifier "all employees and administrative staff." (Id. at 2.)

Wheeler Correctional Facility is not an entity capable of being sued.  See Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (explaining "penal institutions are entities which are not capable of being sued, as they are buildings"); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (per curiam) (noting "Thomas County Jail is not entity capable of being sued under Georgia law"); Clark v. Georgia, Civ. Act. No. 1:21-CV-3396, 2021 WL 8084671, at *3 (N.D. Ga. Nov. 8, 2021) (explaining state prison not an entity capable of being sued), adopted by 2022

WL 898362 (N.D. Ga. Mar. 28, 2022); <u>Smith v. Chatham Cnty. Sheriff's Dep't</u>, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); <u>Sebastian v. Maynard</u>, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010).  Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  <u>See</u> 42 U.S.C. § 1983; <u>see also</u> <u>Georgia Insurers Insolvency Pool v. Elbert Cnty.</u>, 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

Nor does Plaintiff's qualifier of "all employees and administrative staff" save the complaint because he does not explain how all members of a collective entity can be sued and/or held responsible for the actions of specific individuals.  Conclusory references to employees and staff in general fail to put any particular individual on notice of alleged wrongdoing.  Plaintiff thus fails to state a claim for relief against "all employees and administrative staff."  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law); <u>see also</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

**III.    CONCLUSION**

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 1st day of March, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA